As the trial judge noted in her decision, the State was required to prove, beyond reasonable doubt, that the knife Manning was carrying on his key chain was "designed or specifically adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). Clearly, this requires proof beyond the mere fact that a knife is capable of being used as a weapon; otherwise, it would be unlawful to carry a sharp knife concealed about one's person under any circumstances, or, for that matter, any other object that is capable of being used as a weapon. Any solid, blunt object could qualify under that standard, since it could be used to hit someone in the head, for example.
I have examined the knife at issue in this case. The blade is only about an inch and a half long, and is less than a quarter of an inch wide. When carried within the cylinder attached to the key ring, it requires several seconds to remove from the cylinder and re-assemble into a useful knife. If one were designing a knife for use as a weapon, one would want to have it capable of being ready to hand faster than that.
In short, even when I consider the evidence in a light most favorable to the State, as I am required to do, I am not satisfied that it has proven, beyond a reasonable doubt, that this knife was designed or specifically adapted for use as a weapon. Nor am I satisfied that it has been proven, beyond a reasonable doubt, that the knife was being possessed or carried as a weapon. There is no claim that it was being used as a weapon.
The proof that Manning possessed or carried the knife as a weapon was circumstantial. It appears to be based upon the early morning hour, and the fact that Manning was found parked, in a van, in a high crime area. The State appears to be arguing that these facts support an inference that Manning was involved in, or planning involvement in, criminal activity, which, in turn, would support an inference that he was carrying the knife for use as a weapon. This raises the specter of the forbidden inference on an inference, but ignoring that problem, I do not find this evidence persuasive, beyond a reasonable doubt, that Manning was, in fact, carrying the knife for use as a weapon. Perhaps he was, but I do not see how this proposition of fact can be regarded as having been proven beyond reasonable doubt.
As this court has previously noted, a trial court's finding of fact based upon circumstantial evidence is entitled to less deference than a finding of fact based upon direct evidence, because the weighing of competing inferences is an exercise of logic and general experience, for which appellate judges are at least as well suited as trial factfinders, unlike determinations of credibility, where the factfinder at trial has had the advantage of seeing and hearing the evidence. State v. Lawson
(August 22, 1997), Montgomery App. No. 16288, unreported. In applying this less deferential standard of review, and weighing the evidence in accordance with the principles set forth in State v. Thompkins (1997),78 Ohio St.3d 380, I conclude that Manning's conviction is against the manifest weight of the evidence.
In coming to this conclusion, I do not doubt that the arresting officer was genuinely concerned for his safety. However, the test is not whether a police officer is sincerely and reasonably concerned that an article he finds about someone's person could be used as a deadly weapon against the officer. The statutory test is whether the weapon is: (1) designed or specifically adapted for use as a weapon; or (2) possessed, carried or used as a weapon. The application of that test does not depend upon the point of view of the officer. It depends upon the point of view of the person who designs, adapts, possesses, carries or uses the weapon, respectively.
Although the issue is close, I would sustain Manning's assignment of error, reverse his conviction, and order him discharged.
 ___________ Young, J.,